This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36969**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**RAMON MIGUEL RAMIREZ,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Associate Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**    The State appeals from the district court's order granting Defendant Ramon Ramirez's motion to exclude three of the State's witnesses. We conclude that the district court's decision was not an abuse of discretion and we therefore affirm.

**Background**

**{2}** On August 7, 2016, Defendant allegedly shot his neighbor, Reyes Rodriquez, in the leg. The State initiated proceedings the same day, in metropolitan court and on September 2, 2016, filed a nolle prosequi dismissing the matter. Almost a year later, on July 27, 2017, the State indicted Defendant on one count of aggravated battery with a deadly weapon. On September 6, 2017, the district court held a scheduling conference and issued a scheduling order setting deadlines. The court assigned the case to Track 1 status which, pursuant to LR2-308(F)(5)(a) NMRA, required the case to go to trial within 210 days. Among other things, the district court set a deadline of November 6, 2017, for pretrial interviews, and assigned the case to a three-week trailing docket beginning on January 16, 2018.

**{3}** On September 11, 2017, defense counsel sent an email to the State requesting pretrial interviews of "all the witnesses you plan to call at a trial." After conferring, counsel agreed that the interviews would be conducted on October 26, 2017. On that date, three witnesses did not appear for their interviews: Mr. Rodriquez and two investigating officers. It is unclear why these three witnesses were unavailable. With the agreement of defense counsel, the State rescheduled the three pretrial interviews to November 3, 2017, the last business day before the deadline.

**{4}** On the morning of November 3, 2017, the State learned that its investigator had been unable to personally serve a subpoena on Mr. Rodriquez for the interview and that one of the investigating officers had called in sick. As a result, the State emailed defense counsel at 8:04 a.m. cancelling the scheduled interviews and informing defense counsel that it planned to file a nolle prosequi. At 1:15 p.m., the State was informed that Mr. Rodriquez was present at the District Attorney's office, having received notice of the interview through someone the State investigator had contacted during the attempt to serve Mr. Rodriquez. The State attempted to contact defense counsel to try to continue with the cancelled interviews but was unable to reach her. Mr. Rodriquez told the State that he had moved due to the conflict with Defendant, and had not updated his address with the District Attorney's office. The State then emailed defense counsel at 4:40 p.m. "to explain what happened and request additional availability to complete the interviews."

**{5}** On November 6, 2017, the deadline for pretrial interviews, the State filed a motion to extend the deadlines for all remaining interviews to be completed. Defense counsel filed a response in opposition on November 7, 2017. On the same day, the State requested dates of availability from defense counsel "in order to get the interviews scheduled as quickly as possible." Defense counsel declined to provide available dates, preferring to await the district court's ruling on the motion. The court denied the extension on November 13, 2017, without holding a hearing or providing any findings. The State proceeded with the interviews on November 17, 2017, without defense counsel present, and subsequently provided defense counsel with an audio recording of the interviews on November 20, 2017.

**{6}** Defendant moved to exclude the three witnesses on November 17, 2017. The State filed a response in opposition to exclusion on December 1, 2017, agreeing with

Defendant's "recitation of the communications in scheduling the pretrial interviews[.]" The district court did not hold a hearing on the motion but entered an order granting Defendant's motion. The court found that the case was classified as Track 1 and that at the time of the scheduling conference, neither party raised any concerns or problems with the deadlines. The court further found that the State's November 6, 2017 motion to extend deadlines was filed untimely and had therefore been denied. Finally, the court did not find good cause to justify an extension and stated that the State's requested thirty-day extension would prejudice Defendant. This appeal followed.

**Discussion**

**{7}** The sole issue on appeal is whether the district court abused its discretion in excluding the three State's witnesses. The State argues that that the district court did not consider any of the *Harper* factors required for the sanction of witness exclusion and, as a result, abused its discretion. *See State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25 ("Exclusion of witnesses as a sanction requires an intentional violation of a court order, prejudice to the opposing party, and consideration of lesser sanctions."). We conclude that the district court followed the *Harper* factors as modified by *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 959 (clarifying the application of *Harper* factors), and that there was sufficient consideration of the required factors to support the district court's decision and order.

**{8}** We review the district court's exclusion of witnesses for an abuse of discretion. *Id.* ¶ 22. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted). "In reviewing the district court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision." *Le Mier*, 2017-NMSC-017, ¶ 22.

**{9}** To impose a sanction of witness exclusion, the district court must assess: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Id.* ¶ 15 (citing *Harper*, 2011-NMSC-044, ¶ 15). These standards that provide a pragmatic approach to guide courts do not establish a "rigid and mechanical analytical framework." *Le Mier*, 2017-NMSC-017, ¶ 16. Rather, courts are to exercise their discretionary authority when deciding to impose or not to impose witness exclusion. *Id.* ¶ 17. In sum, "it is not the case that witness exclusion is justified only if all of the *Harper* considerations weigh in favor of exclusion." 2017-NMSC-017, ¶ 20.

**{10}** With respect to the first factor, the culpability of the State, the district court first noted that at the time of the scheduling conference, neither party raised an issue with the deadlines. The court also found that the State did not provide good cause to justify an extension of the pretrial witness interview deadline and that the State failed to meet

its obligation of scheduling and completing the interviews in a timely manner as required by the order. The State argues that this reasoning is not sufficient to support the order to exclude witnesses because there is no indication of bad faith on the part of the State. *Le Mier*, however, made clear the *Harper* standards are not "so rigorous that courts may impose witness exclusion only in response to discovery violations that are egregious, blatant, and an affront to their authority." *Le Mier*, 2017-NMSC-017, ¶ 16. In other words, "courts must be able to avail themselves of, and impose, meaningful sanctions where discovery orders are not obeyed and a party's conduct injects needless delay into the proceedings." *Id.* Thus, it is sufficient that the district court found the State did not raise an issue with the scheduled deadlines, was responsible for not timely providing the witnesses for a pretrial interview, and that any extension would unfairly prejudice Defendant. Here, it was the responsibility of the State to keep in contact with its witnesses, schedule the interviews, and to do so in a timely manner in compliance with the court-imposed deadline. The State failed to do so and offered only the minimal explanation that they could not serve the witnesses notice of its last minute attempt to complete the interviews. Therefore, the district court's finding of this unwarranted failure is sufficient and supported by the record.

**{11}** Concerning the second factor, prejudice to the Defendant, the State argues that the district court erred because it did not find prejudice to the Defendant. We disagree. In *Le Mier*, our Supreme Court explained that failure to provide discovery within the court-ordered time frame causes prejudice to the opposing party and the court. *Id.* ¶ 25. Moreover, the district court specifically found that the extension requested by the State would "prevent [D]efendant from being able to conduct the interview, investigate the information obtained and then file any appropriate pretrial motions, and then have those motions heard by the [c]ourt prior to trial." In other words, had the district court granted the extension requested by the State other pretrial deadlines would have been truncated, leaving Defendant insufficient time to meet those deadlines and prepare for the trial. As the court noted, an extension would have prevented Defendant from timely conducting interviews and subsequent preparations prior to trial. Alternatively, the extension would have resulted in the district court extending the trial date, prolonging a case that was already set to be heard approximately a year and half after the date of the alleged incident, and further delaying Defendant's "day in court." Therefore, the district court's finding of prejudice to the Defendant is sufficient and supported by the record under the *Harper* factors as modified by *Le Mier*.

**{12}** With respect to the third factor, the availability of lesser sanctions, the State argues that the district court abused its discretion because it did not consider lesser sanctions. Here, LR2-308(H)(1) requires the district court to impose sanctions for the failure to comply with the scheduling order. The parties agree that the State failed to comply with the pretrial interview deadline and that sanctions were therefore required. While sanctions were required, it was within the district court's discretion as to which sanction to impose. LR2-308(H)(4) (providing that a court may impose sanctions, including but not limited to: (a) a judicial reprimand; (b) exclusion of witness or evidence; (c) a monetary fine; (d) civil or criminal contempt; and (e) dismissal of the case with or without prejudice). While the court did not make specific findings as to whether there

were lesser sanctions available, it is well established that "our courts are encouraged to ensure the timely adjudication of cases, to proactively manage their dockets, and to utilize appropriate sanctions to vindicate the public's interest in the swift administration of justice." *Le Mier*, 2017-NMSC-017, ¶ 29. In this case, the State took one year to indict Defendant, lost contact with Mr. Rodriquez, violated the discovery order, and requested a pretrial extension for a single-issue Track 1 case on the last day of the deadline for pretrial witness interviews. Additionally, as discussed above, the requested extension would have prejudiced Defendant. The only lesser sanction available under LR2-308(H)(4), then, was a reprimand by the judge, which would not have remedied the prejudice to the Defendant. Accordingly, we will not second-guess the court's judgment that exclusion was the most effective and least severe way to achieve the swift administration of justice. *See Le Mier*, 2017-NMSC-017, ¶ 29 (finding no abuse of discretion where court failed to consider lesser sanctions).

**{13}**   Lastly, the State argues that the district court failed to hold a hearing on this matter in violation of *Harper*. *See* 2011-NMSC-044, ¶ 21 ("[T]he exclusion of witnesses should not be imposed except in extreme cases, and only after an adequate hearing to determine the reasons for the violation and the prejudicial effect on the opposing party."). However, neither party actually requested a hearing and the parties were heard through the motions to the district court. The purpose of a hearing, as identified in *Harper*, is "to determine the reasons for the violation and the prejudicial effect on the opposing party." *Id.* ¶ 21. In this case, neither party disputed the facts underlying the discovery violation. The State offered little explanation for the discovery violation, and for all the reasons set forth above, the prejudice posed to Defendant was evident. Moreover, even if the district court did err by failing to hold a hearing, the court's findings of fact in the order demonstrate that it had a sufficient record upon which to consider the *Harper* factors as modified by *Le Mier*. Consequently, we conclude that the district court did not abuse its discretion in excluding the three witnesses.

**CONCLUSION**

**{14}**   We affirm.

**{15}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MICHAEL D. BUSTAMANTE, Judge Pro Tempore**